THE PEOPLE ON THE RELATION OF FRANKLIN V. CHAMBERLAIN, Complainants, *v.* THE CITY OF CHICAGO, Respondent.

### APPLICATION FOR MANDAMUS.

Where a mandamus is applied for, upon a supposed failure of duty, the application should be verified by affidavit in some way.

THE petitioner, Franklin V. Chamberlain, represents by his petition, that on the 15th day of February, A. D. 1854, he was seized in fee of the west one-fourth of lot eight, in block one hundred and seventeen, in the School Section Addition to Chicago, in the county of Cook and State of Illinois, and continued to be the owner, and was in the undisputed possession of said premises until the institution and completion of the proceedings thereafter mentioned, and which were had by the city of Chicago to condemn said premises for the purpose of opening over the same a highway or street, being an extension south, of LaSalle street, in said city.

That the said city of Chicago, on the fifteenth day of October, in the year of our Lord one thousand eight hundred and fifty-five, in pursuance of the power conferred upon it by its charter, did, through its common council, order a survey for the extension of LaSalle street, from its then terminus at Madison street, south to Jackson street, in said city, which said survey was in accordance with said order, duly made, and the said common council thereupon afterwards gave notice of the intention of said city to take and appropriate the land necessary for the extension of said LaSalle street, south from Madison street to Jackson street, to the owners of said lands, by publishing said notice for ten days, as required by law, in the corporation newspaper of said city ; that the first publication of said notice was on the 20th day of October, A. D. 1855, and was continued to be published in said newspaper for ten days consecutively thereafter, and that after the expiration of said notice, on the tenth day of January, A. D. 1856, the said city of Chicago, through its common council, and in pursuance of the provisions of the charter of said city, did choose three disinterested freeholders, to wit, F. A. Bragg, Thomas Church, and W. W. Saltonstall, residing in said city, as commissioners to ascertain and assess the damages and expenses thereof over the real estate benefited in proportion, as nearly as may be, to the benefits resulting to each, which said commissioners were then and there duly elected by a majority of all the aldermen authorized by law to be elected.

That said commissioners were, on the 16th day of January, A. D. 1856, duly sworn as required by law, faithfully to execute their duties according to the best of their ability, and before entering upon their duties the said commissioners did give notice to the persons interested, of the time and place of their meeting, for the purpose of viewing and making their assessment, by publishing said notice, ten days before the time of such meeting, in the said corporation newspaper of said city. That the said commissioners did thereupon, after the expiration of the said last named notice, proceed to make their assessments, and did determine and appraise to the owner and owners the value of the real estate appropriated for the said improvement, and the injury arising to them respectively as damages, after making due allowance therefrom for any benefit which such owner or owners might respectively derive from such improvement. That said commissioners did in all things comply with the law and the charter and the ordinances of said city, in regard to said assessment and the opening of said street, and having ascertained the damages and expenses of such improvements, as aforesaid, the said commissioners did thereupon apportion and assess the same, together with the costs of the proceeding, upon the real estate by them deemed benefited, in proportion to the benefits resulting thereto from the aforesaid improvement, and did describe the real estate upon which their assessments were made, and having completed and signed said assessment the said commissioners did, within the extended time allowed them by the said common council in which to complete and return their said assessment, and on the 5th day of April, A. D. 1857, return their said assessment to the said common council of said city of Chicago, as required by law, and the clerk of the said city of Chicago did thereupon, after the return of said assessment, give ten days' notice, commencing on the 8th day of April, A. D. 1856, and continued for ten consecutive days in said corporation newspaper of said city, that such assessment had been returned, and that on a day specified in said notice, said assessment would be confirmed by said common council, unless objections were made to the same by some person interested.

That after the expiration of the said last named notice, and and on the 9th day of June, A. D. 1856, (no objections having been made,) the said assessment of the said commissioners, so as aforesaid returned, was in all things confirmed by the common council of said city of Chicago, in due form of law.

That there was appraised, allowed and accorded to your petitioner, Franklin V. Chamberlain, in and by said assessment, so as aforesaid made and returned by said commissioners, and confirmed by said common council, as damages for the taking

and appropriating of the said premises of your petitioner, and the buildings thereon, for the purpose of opening said street, over and above the benefits for the land appropriated, the sum of forty-five hundred dollars, and for the buildings thereon, the further sum of three hundred dollars, making in the aggregate the sum of forty-eight hundred dollars, which will fully appear by reference to the assessment roll which was duly returned by the assessors, and duly confirmed by the common council of said city.

That a collector's warrant was duly issued for the collection of said assessment, dated the 17th day of June, A. D. 1856, and duly signed and sealed, and that the collector collected and received thereon a large amount of money, to wit, the sum of thirty thousand dollars, and that over one hundred thousand dollars still remain uncollected, and that the said city has ever since neglected to collect the balance of said money, although said warrant was returnable within thirty days after the date thereof.

That the said city paid, of the sum so as aforesaid assessed, allowed and awarded to your petitioner by said commissioners, the sum of twenty-two hundred and forty dollars, and that the balance of said sum, together with the interest thereon, has ever since and does now remain due and wholly unpaid to your petitioner, and that the said city neglects and refuses to pay the same, or to take any measures for the collection of the moneys wherewith to pay the same.

The petitioner insists, that upon the confirmation of said assessment, as heretofore stated, he became entitled to the moneys so as aforesaid assessed and allowed to him as damages to said premises, and that it thereupon became the duty of said city to collect and pay the same, and the whole thereof, to him; and that inasmuch as the said city of Chicago has hitherto and does still neglect and refuse to do this, your petitioner is entitled to a writ of mandamus against said city of Chicago, to compel said city to proceed and collect said moneys and to pay over to your petitioner that portion thereof to which he is entitled, by reason of the premises aforesaid.

Prayer for writ.

WALKER, VAN ARMAN & DEXTER, for the Petitioner.

E. ANTHONY, for the City.

WALKER, J.   It is objected that an alternative writ of mandamus should not issue, because the petition is not verified or supported by affidavits. Tapping on Mandamus, 292, lays down

the rule that "In matter of right, as for instance, where a mandamus is prayed to restore a man, etc., the court does not require, although it is usually supplied with, an affidavit of the fact; but where the writ is asked upon a supposed failure of duty, then the court requires an affidavit, for such a writ is never granted merely for the asking; some reason must be assigned for it, which is done by the disclosure of a sufficient case upon affidavits." This rule seems to be fully sustained by long and well recognized practice. *Rex* v. *Cary*, 3 Salk. 230, and cases there cited in support of the rule.

Whilst the strict English rule of supporting the application by separate affidavits, is not regarded essential by our practice, still the petition must contain a statement of all the facts necessary to disclose a case entitling the party to the relief sought, and they must be verified by a jurat, or affidavit in some form. This is the practice as it prevails in this country, and we regard it as reasonable, and well adapted to promote the ends of justice. In this case the petition proceeds for the failure of a duty by the city, and the facts set forth in the petition, even if they are sufficient to make a case, are not verified by a jurat or otherwise, and the writ must therefore be refused.

*Writ of mandamus refused.*